

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RONALD S. BERKOWITZ,  LARRY S. MAPLES,
RICHARD V. CUSUMANO, ANGELA JORGE,          **ORDER**
MELGUIADES CHAPARRO, MARTHA JACO,           05 CV 5144 (ADS)(MLO)
MARIA F. SARAVIA, SILVIO FLORES, SARA
E. MALDONADO, ROSA E. GUARDADO,
CECYBIL BENAVIDEZ, WILLIAM DULUDE,
TAMMY DULUDE, DIANNA S. BATHGATE,
JOSEPH PUPPELO, EUARISTU SOTO PEREZ,

                      Plaintiffs,

               -against-

BRIAN WEINER, GAIL WEINER, BLAIR WEST,
HOMESTEAD MEADOWS FOODS CORP.,
BMW MEATS, INC., BMW MEATS, LLC,
HERITAGE FOOD GROUP, INC.,

                      Defendants.
--------------------------------------------------------X

**APPEARANCES:**

**RONALD S. BERKOWITZ**
Plaintiff Pro Se
3015 Clubhouse Road
Merrick, New York 11566

**LARRY S. MAPLES**
Plaintiff Pro Se
2 Ozark Street
Ronkonkoma, New York 11779

**RICHARD V. CUSUMANO**
Plaintiff Pro Se
69 Gridley Street
West Islip, New York 11795

**ANGELA JORGE**
Plaintiff Pro Se
2 Ozark Street
Ronkonkoma, New York 11779

**MELGUIADES CHAPARRO**
Plaintiff Pro Se
15 Ozark Street
Ronkonkoma, New York 11779

**MARTHA JACO**
Plaintiff Pro Se
2 6th Avenue
Huntington Station, New York 11746

**MARIA F. SARAVIA**
Plaintiff Pro Se
6 Wallace Court
Huntington Station, New York 11746

**SILVIO FLORES**
Plaintiff Pro Se
2 6th Avenue
Huntington Station, New York 11746

**SARA E. MALDONADO**
Plaintiff Pro Se
95 E. Pulaski Road
Huntington Station, New York 11746

**ROSA E. GUARDADO**
Plaintiff Pro Se
21 10th Avenue
Huntington Station, New York 11746

**CECYBIL BENAVIDEZ**
Plaintiff Pro Se
32 W. Pulaski Road
Huntington Station, New York 11746

**WILLIAM DULUDE**
Plaintiff Pro Se
Firtree Lane
Levittown, New York 11756

**TAMMY DULUDE**
Plaintiff Pro Se
Firtree Lane
Levittown, New York 11756

**DIANNA S. BATHGATE**
Plaintiff Pro Se
68 Cypress Avenue
Bethpage, New York 11714

**JOSEPH PUPPELO**
Plaintiff Pro Se
2785 School Street
Bellmore, New York 11710

**EUARISTU SOTO PEREZ**
Plaintiff Pro Se
15 Ozark Street
Ronkonkoma, New York 11779

**SPATT, District J.**

Presently before the Court is a letter request from the pro se plaintiffs requesting an additional thirty days to serve the complaint in this matter. On November 3, 2005, the plaintiffs commenced this action by filing a summons and complaint. On August 29, 2006, there having been no activity in this matter since its inception approximately ten months earlier, the Court sent a letter to the plaintiffs inquiring as to why this matter should not be dismissed for failure to prosecute.

3

On September 14, 2006, the plaintiffs responded to the Court's letter by requesting an additional thirty days within which to serve the summons and complaint. The plaintiffs state that they "misunderstood the course of action of process serving the necessary documents to the defendants"; that they had retained the services of a process server, who failed to effectuate service; and that if they are permitted an additional thirty days they will have the defendants served properly.

Fed. R. Civ. P. 4(m) governs the time to complete service of process. This Rule states, in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Generally, "good cause" for additional time exists when (1) the plaintiff has been diligent in its efforts to complete service; and (2) the defendant has not been prejudiced. See Nat'l Union Fir. Ins. Co. v. Foreman 635 Joint Venture, No 94-CV-1312, 1996 WL 272074, at *2 (S.D.N.Y. May 21, 1996); see also, e.g., Nat'l Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291 (S.D.N.Y. 1990) (finding the plaintiff's efforts at service, which included hiring a private firm to locate the defendant and monitoring the firm's progress, sufficient to satisfy "diligence" prong); cf. Reed Holdings Inc. v. O.P.C. Corp., 122 F.R.D. 441 (S.D.N.Y. 1988) (holding that

plaintiffs' attempts to serve the defendant at his home at 8:30 a.m., 2:20 p.m., and 6:30 p.m. on three different workdays over many weeks was insufficient to satisfy "diligence" prong). Although this rule requires the Court to allow a plaintiff additional time to serve the defendant upon a showing of good cause, the Court is authorized to grant such relief even if no good cause is shown. Advisory Committee Notes to 1993 Amendment to Rule 4; see Lloyd v. Alpha Phi Alpha Fraternity, Inc., No. 96-CV-348, 1998 WL 236207 (N.D.N.Y. May 6, 1998).

Considering the plaintiffs' pro se status, the Court will grant the plaintiffs' request without determining whether their proffered excuse constitutes good cause. Accordingly, the plaintiffs' motion for additional time to serve the summons and complaint is granted. The plaintiffs are directed to complete service within thirty days of the entry of this Order. Failure to complete service within the time allowed will result in dismissal of the complaint, without prejudice. There will be no further extensions.

**SO ORDERED.**

Dated: Central Islip, New York
September 19, 2006

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge

There having been no Activity in this case since 9/19/06, the Complaint is dismissed, without prejudice. The Clerk of the Court is directed to close the case, and to mail a copy of this Order to the pro se plaintiffs by certified mail, return receipt requested.
SO ORDERED.

11/2/06  Arthur D. Spatt, U.S.D.J.